## FOSTER *v.* STATE OF INDIANA.

[No. 13,650.   Filed May 16, 1929.   Rehearing denied August 1, 1929.]

*William D. Hardy*, for appellant.

*Arthur L. Gilliom*, Attorney-General, and *Edward J. Lennon, Jr.*, Deputy Attorney-General, for the State.

ENLOE, C. J.—September 6, 1926, there was filed in the city court of the city of Evansville an affidavit which charged that John Foster, the appellant, did, on or about September 4, 1926, unlawfully have in his possession certain intoxicating liquor, to wit: "uncolored spirits." September 14, 1926, the appellant was tried upon said charge and found guilty, from which conviction he appealed to the circuit court. December 13, 1926, the case came on for trial before the Honorable Robert N.

Tracewell, sitting as special judge, a jury having been waived. Appellant was again found guilty, and this appeal followed; the errors alleged and presented being those hereinafter considered.

It appears from the record that, on September 4, 1926, the premises of appellant were searched by officers acting under a search warrant, and, at that time, they found and seized some intoxicating liquor. The appellant was present at the time of the search and saw the bottles containing liquor that were found by the officers and knew that they took the liquor away with them. Appellant, although he had full knowledge of all of these facts, made no move, prior to the time of the trial upon the merits, to have evidence or testimony suppressed.

The case was duly called for trial upon the merits; a witness for the State had testified that he had assisted in the search of the premises occupied by appellant, No. 109 South Sixth street, in the city of Evansville; that they had a search warrant for the place; that he filed the affidavit upon which the search warrant was issued; that he served the search warrant upon the appellant; and that they then searched the premises and found intoxicating liquor thereon.

At this point in the trial, the appellant, by counsel, interposed an objection to the witness' further testifying as to what was seized by the officers, and as to any information gained by them while making said search, basing his objection upon the alleged invalidity of said search warrant. The objection was overruled and testimony was then given that the liquor found upon said premises and seized—uncolored spirits—was, by volume, forty-five per cent alcohol. There was no error in this ruling of the court. The appellant, by failing to "move to suppress" before entering upon the trial upon the merits, he having full knowledge of the

facts, waived his right in that behalf. *Hantz* v. *State* (1929), 166 N. E. (Ind. App.) 439.

It further appears from the record that, on October 27, 1926, an affidavit was filed in the city court of Evansville, which, in the first count thereof, charged the appellant and one Roy Wheeler with unlawfully having in their possession, on or about October 26, 1926, certain intoxicating liquor, to wit: "colored spirits." The record further discloses that the appellant was tried upon this charge and found not guilty. Upon the trial of this case, upon the theory of former jeopardy, the appellant sought to introduce in evidence the record of trial and acquittal in the above case, but the court excluded the same and this is urged as being error. In this ruling, the court did not err. The offenses charged were separate and distinct, and the conviction or acquittal of the one would not control or be determinative of the other. The offenses were alleged to have been committed upon different dates, and the character of the alleged intoxicating liquor was different; they were two distinct offenses charged, and the court did not err in this ruling.

The decision of the court is sustained by sufficient evidence and is not contrary to law.

Affirmed.